**Andrew P. Holland/Bar No. 224737**
 aholland@thoits.com
**Nathaniel H. Lipanovich/Bar No. 292283**
 nlipanovich@thoits.com
**Harry J. Moren/Bar No. 284311**
 hmoren@thoits.com
**THOITS LAW**
A Professional Corporation
400 Main Street, Suite 250
Los Altos, California 94022
Telephone: (650) 327-4200
Facsimile: (650) 325-5572

**Attorneys for Plaintiff
Bella+Canvas, LLC**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BELLA+CANVAS, LLC, | Case No.: |
| Plaintiff, | **COMPLAINT FOR BREACH OF CONTRACT AND DECLARATORY RELIEF** |
| v. | |
| FOUNTAIN SET LIMITED, a foreign business entity; and DOES 1 through 20, inclusive, | **JURY TRIAL DEMANDED** |
| Defendants. | |

33070.053/1511200

1

COMPLAINT

Plaintiff Bella+Canvas, LLC ("B+C") alleges against Defendant Fountain Set Limited ("Fountain Set") and Does 1 through 20 (collectively, "Defendants") as follows:

## INTRODUCTION

1. This is a civil action for declaratory relief and for damages arising from Defendant's breach of its contractual obligations under an agreement to sell fabric to Plaintiff Bella+Canvas, LLC, for the manufacture of cloth face masks and other apparel. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1332 and 2201 and venue is proper pursuant to 28 U.S.C. § 1391.

2. Defendant Fountain Set breached its contractual obligations to B+C by producing and shipping to B+C inferior fabric that (i) did not meet the fabric specifications and requirements under the agreement and (ii) did not match the quality of the fabric sample that Fountain Set provided to B+C for inspection pursuant to the agreement.

3. Plaintiff B+C seeks money damages, including compensation for the amounts it has paid Fountain Set for fabric under the agreement and other incurred costs, lost profits, and other relief for Fountain Set's breaches of its contractual obligations. B+C further seeks a declaration of the present and future rights, duties, and liabilities of the parties under the agreement.

## THE PARTIES

4. B+C is, and at all times herein mentioned was, a California limited liability company with its principal place of business located in Los Angeles County, California. B+C's sole member is a California corporation with its principal place of business located in Los Angeles County, California.

5. On information and belief, Fountain Set Limited is a foreign business entity with its principal place of business located in Hong Kong, China, and doing business in California.

6. The true names and capacities whether individual, corporate, associate, or otherwise, of the defendants named herein as Does 1 through 20, inclusive, are unknown to B+C and therefore they are sued under fictitious names.

7. B+C is informed and believes, and on that basis alleges, that each defendant designated as a Doe is responsible in some manner for the events described below and caused injuries and damages proximately thereby to B+C, and that the Defendants were the agents, servants, and employees of each other and were acting at all times within the course and scope of said agency, service, and employment, and otherwise acted jointly in concert or conspiracy.

## JURISDICTION AND VENUE

8. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1332 and 2201. The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between a citizen of California and a foreign citizen. An actual controversy within the meaning of 28 U.S.C § 2201 exists between the parties.

9. Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claim occurred in this District and because Defendant Fountain Set is subject to the court's personal jurisdiction with respect to this action.

## GENERAL ALLEGATIONS

10. B+C is in the business of design, manufacture, distribution, and sale of apparel products, including face masks, in multiple channels of distribution.

11. On information and belief, Fountain Set is engaged in the business of supplying fabric used to manufacture apparel products, including face masks, in multiple channels of distribution. As part of its business,

Fountain Set operates a fabrication mill in China that manufactures and dyes fabric.

12. In April 2020, Fountain Set agreed to sell fabric to B+C for B+C to use to manufacture face masks and other apparel. The parties agreed on the terms for the sale in emails exchanged in April and May 2020.

13. The terms of the agreement provided that the two types of fabric that Fountain Set agreed to sell to B+C—loop terry fleece fabric ("Fleece Fabric") and CVC jersey fabric ("Jersey Fabric")—would meet certain specifications and requirements. Among other things, these specifications and requirements mandated that "Garments must not exhibit a noticeable change in appearance or fit after reasonable wear and cleaning. This includes, but is not limited to: . . . Pilling – Grade 4 . . . No objectionable pilling . . . ."

14. The terms of the agreement further provided that B+C would submit purchase orders for specific types and amounts of fabric. For each purchase order that Fountain Set accepted, Fountain Set would produce the fabric after B+C paid a 30% deposit, store the fabric locally, and then ship the fabric to B+C's warehouse in Los Angeles after B+C paid the remaining 70%.

15. The terms of the agreement further provided that Fountain Set would provide B+C with representative samples of the Fleece Fabric and Jersey Fabric that Fountain Set would produce and ship to B+C to satisfy the purchase orders, that the representative samples would meet the fabric specifications and requirements, and that the Fleece Fabric and Jersey Fabric that Fountain Set would produce and ship to B+C to satisfy the purchase orders would be of the same quality as the representative samples.

16. In May 2020, Fountain Set provided B+C with representative samples of the Fleece Fabric and Jersey Fabric pursuant to the agreement. B+C inspected and approved the representative samples.

17. In May and June 2020 B+C placed, and Fountain Set accepted, multiple purchase orders for 29 containers of Fleece Fabric and 4 containers of Jersey Fabric. As an example of these purchases orders, attached as Exhibit A is a true and correct copy of Purchase Order No. 79047332, which has Order Date of May 5, 2020, and is for 20,000 units (pounds) of Fleece Fabric.

18. As of July 7, 2020, B+C had paid to Fountain Set approximately $1,400,000 total in deposits and invoice balances under these purchase orders, as further described below.

19. B+C paid Fountain Set the entire amount required under several of these purchase orders for production and shipment of 9 containers of Fleece Fabric and 3 containers of Jersey Fabric. On information and belief, Fountain Set produced 9 containers of Fleece Fabric and 3 containers of Jersey Fabric and stored these containers locally. On or around July 15, 2020, Fountain Set shipped, and B+C received in Los Angeles, the 9 containers of Fleece Fabric and the 3 containers of Jersey Fabric that B+C had paid for in full.

20. B+C also paid Fountain Set the entire deposit required under the rest of the purchase orders for production of the additional 20 containers of Fleece Fabric and additional 1 container of Jersey Fabric. On information and belief, Fountain Set produced 20 more containers of Fleece Fabric and 1 more container of Jersey Fabric and stored these containers locally. On information and belief, Fountain Set has retained and continues to retain physical custody of the 20 containers of Fleece Fabric and the 1 container of Jersey Fabric for which B+C has paid the deposit but not the balance.

21. B+C inspected samples from the 9 containers of Fleece Fabric and the 3 containers of Jersey Fabric after they arrived at B+C's warehouse in Los Angeles. The Jersey Fabric appeared satisfactory to B+C. However, B+C observed excessive and objectionable pilling of the Fleece Fabric. B+C

immediately notified Fountain Set that no issues were found on the Jersey Fabric but that the Fleece Fabric had pilling issues.

22. B+C requested samples from the 20 unshipped containers of Fleece Fabric. Fountain Set sent B+C samples from some but not all of the unshipped containers of Fleece Fabric. B+C inspected these samples and again observed excessive and objectionable pilling.

23. B+C sent Fleece Fabric from the representative sample received in May 2020 and Fleece Fabric from the 9 containers received in July 2020 to two independent testing companies for examination. Both companies found that the Fleece Fabric from the representative sample received in May 2020 did not have excessive pilling and met the pilling grade specified in the terms of the agreement between Fountain Set and B+C. However, both testing companies found that the Fleece Fabric from the 9 containers received in July 2020 had excessive pilling and did not meet the pilling grade specified in the terms of the agreement between Fountain Set and B+C. B+C immediately notified Fountain Set of these test results.

24. As set forth below, Fountain Set breached its agreement with B+C by failing to deliver Fleece Fabric that met the specifications and requirements of the agreement and by failing to deliver Fleece Fabric that was of the same quality as the representative sample Fleece Fabric.

### FIRST CLAIM FOR RELIEF
### Breach of Contract

25. B+C realleges and incorporates herein each and every allegation in the preceding and foregoing paragraphs.

26. B+C and Fountain Set entered into a contract for the purchase and sale of Fleece Fabric based on terms agreed upon in emails and on purchase orders placed by B+C and accepted by Fountain Set as set forth above.

27. B+C substantially performed its obligations under the parties' agreement, including by paying deposits and invoice balances to Fountain Set as set forth in the purchase orders, or B+C was excused from such performance, and B+C has performed all conditions precedent imposed on it.

28. Fountain Set breached the parties' agreement as set forth in the preceding allegations, including without limitation by failing to deliver Fleece Fabric that met the specifications and requirements of the agreement and by failing to deliver Fleece Fabric that was of the same quality as the representative sample Fleece Fabric.

29. Fountain Set's breach of the parties' agreement harmed B+C, including without limitation based on the amounts it has paid Fountain Set for Fleece Fabric under the agreement, on costs incurred including without limitation for storing and testing the noncompliant Fleece Fabric, and on profits it lost from loss of capability to manufacture and sell face masks during the unprecedented demand related to the coronavirus pandemic.

30. Fountain Set's breach of the parties' agreement constitutes a failure of consideration, through the fault of Fountain Set or in a material respect, that entitles B+C to relief based upon rescission.

## SECOND CLAIM FOR RELIEF
### Declaratory Relief

31. B+C realleges and incorporates herein each and every allegation in the preceding and foregoing paragraphs.

32. Fountain Set has demanded and continues to demand that B+C pay the remaining balance on the invoices for the 20 unshipped containers of Fleece Fabric. B+C has no obligation to pay Fountain Set for Fleece Fabric that does not meet the specifications and requirements of the agreement or for Fleece Fabric that is not of the same quality as the representative sample Fleece Fabric.

33. For the foregoing reasons, an actual and justiciable controversy presently exists between B+C and Fountain Set concerning B+C's alleged obligation to pay the remaining balance on the invoices for the 20 unshipped containers of Fleece Fabric. The controversy is of sufficient immediacy to justify the issuance of a declaratory judgment.

34. The issuance of declaratory relief by this Court will terminate some or all of the existing controversy between the parties.

## PRAYER FOR RELIEF

WHEREFORE, B+C prays for judgment against Fountain Set as follows:

1. That B+C is awarded all of its special, consequential, and compensatory damages as permitted by law;
2. For prejudgment interest as permitted by law;
3. For reasonable costs;
4. For rescission;
5. For declaratory judgment;
6. For such other and further relief as the Court deems just and proper.

## JURY DEMAND

B+C hereby demands trial by jury for this action.

Dated: January 27, 2021

THOITS LAW

By: /s/ Andrew P. Holland
Andrew P. Holland
**Attorneys for Plaintiff
Bella+Canvas, LLC**