O

# United States District Court
# Central District of California

| | |
|---|---|
| BELLA+CANVAS, LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>FOUNTAIN SET LIMITED et al.,<br><br>    Defendants. | Case № 2:21-cv-00758-ODW (MAAx)<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE MOTION TO COMPEL DEPOSITION [75]** |

## I. INTRODUCTION

Defendant and Counterclaimant Fountain Set Limited ("FSL") moves for leave to file a motion to compel a deposition after the expiration of the fact discovery deadline. (Mot. Leave File Mot. Compel ("Mot." or "Motion"), ECF No. 75-1.) The Motion is fully briefed. (Opp'n, ECF No. 77; Reply, ECF No. 79.) For the reasons discussed below, the Court **DENIES** the Motion.[1]

## II. BACKGROUND

On September 14, 2021, the Court issued a Scheduling and Case Management Order. (Scheduling and Case Management Order ("Scheduling Order"), ECF No. 19.) The Scheduling Order set a trial date and firm deadlines for the completion of fact and

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

expert discovery. (*Id.* at 1, 24.) The Court advised the parties that "[t]he Court is unlikely to grant continuances unless the parties establish good cause through a concrete showing. Failure to complete discovery in a timely manner does not constitute good cause, nor does the fact that a settlement conference is pending." (*Id.* at 1.) The Court further advised that it "will not necessarily grant an extension or continuance simply because all parties have stipulated to it." (*Id.* at 5.)

On March 21, 2022, the parties stipulated to continue the deadlines in the Scheduling Order by 90 days to accommodate the schedules and travel of witnesses, some of whom are located in Hong Kong, and counsel for depositions. (First Stip. Amend Scheduling Order, ECF No. 27.) The Court granted this request and continued the deadlines in the Scheduling Order by about 120 days[2] to allow the parties to complete discovery. (Order Granting First Stip. Amend Scheduling Order.) The parties subsequently litigated multiple discovery disputes before Magistrate Judge Audero. (Orders re: Discovery, ECF Nos. 39, 42, 48.)

On September 12, 2022, the parties again stipulated to amend the Scheduling Order, seeking to continue all deadlines by another 60 days and to stay all litigation until after the parties participated in mediation. (Second Stip. Amend Scheduling Order, ECF No. 47.) The parties requested a continuance to avoid "incur[ring] additional fees and costs in discovery" during "the lead-up to mediation." (*Id.* at 2.) Beyond that, the parties did not articulate a concrete need for a continuance, such as what additional discovery remained. (*See generally id.*) However, as the Court stated clearly in the Scheduling Order, "the fact that a settlement conference is pending" does not constitute good cause for a continuance. (Scheduling Order 1.)

On September 13, 2022, the parties participated in an Informal Discovery Conference before Magistrate Judge Audero. (Mins. Disc. Conference, ECF No. 48.) During the conference, the parties agreed that, if mediation was unsuccessful, they

---

[2] The Court's order states that the Court continued the deadlines by "90 days." (Order Granting First Stip. Amend Scheduling Order 1, ECF No. 29.) However, in actuality, the ordered deadlines reflect about a 120-day continuance. (*Id.* at 1–2.)

would subsequently conduct the deposition of Marco DeGeorge, the Co-CEO of Plaintiff and Counter Defendant Bella+Canvas, LLC.  (Mot. 3; Opp'n 1.)  The parties dispute whether this agreement was conditioned upon the Court granting the parties' then-pending request for an extension to the fact discovery deadline.  (*Id.*)  Later that day, the Court denied the parties' requested extension.  (Order Den. Second Stip. Amend Scheduling Order, ECF No. 49.)  Fact discovery closed on September 19, 2022.  (Order Granting First Stip. Amend Scheduling Order.)

On September 29, 2022, the parties entered a third stipulation, this time seeking a limited, 26-day continuance of only the expert discovery deadline, which the Court granted.  (Third Stip. Extend Expert Discovery Cutoff, ECF No. 50; Order Granting Third Stip. Extend Expert Discovery Cutoff, ECF No. 51.)

On October 24, 2022, the parties participated in mediation, which was unsuccessful.  (Mot. 3.)  On November 2, 2022, FSL contacted Bella+Canvas regarding scheduling DeGeorge's deposition.  (Opp'n 4; *see also* Decl. Melissa K. Zonne ISO Opp'n ¶ 10, ECF No. 77-1.)  Bella+Canvas responded on the same day. (Opp'n 4–5.)  Bella+Canvas indicated its position that the parties' agreement regarding DeGeorge's deposition was contingent upon the Court granting the parties' stipulation to extend fact discovery, which the Court had denied.  (*Id.*)  Bella+Canvas further indicated that discovery was closed, and it would not produce DeGeorge for a deposition.  (*Id.*)

On November 28, 2022, more than two months after the close of fact discovery, FSL moved for leave from Magistrate Judge Audero to file a motion to compel DeGeorge's deposition.  (First Mot. Leave File Mot. Compel, ECF No. 73.)  Given that FSL sought this relief after the close of fact discovery, Judge Audero denied the motion without prejudice to FSL renewing its request to this Court.  (Order Den. Mot. Leave File Mot. Compel, ECF No. 74.)  FSL now brings the instant Motion, seeking leave to file a motion to compel a deposition of DeGeorge.  (Mot.)  Because fact

discovery is closed, DeGeorge's deposition would require the Court to reopen discovery, even if only for a limited purpose.

### III. LEGAL STANDARD

The Court "has wide discretion in controlling discovery." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). Under Federal Rule of Civil Procedure ("Rule") 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "When ruling on a motion to amend a Rule 16 scheduling order to reopen discovery," courts consider six factors:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017). "While no one factor is necessarily dispositive, the Ninth Circuit has instructed that the primary focus should be on whether the party seeking to reopen discovery has acted diligently." *De Paz v. Wells Fargo Bank, N.A.*, No. 18-cv-09779-PSG (PJWx), 2020 WL 2404897, at *2 (C.D. Cal. Feb. 18, 2020) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). In addition, when a motion to extend time is made after time has expired, the Court must also consider whether the moving party failed to timely bring its motion because of excusable neglect. *See* Fed. R. Civ. P. 6(b)(1)(B).

### IV. DISCUSSION

FSL argues that its failure to bring the Motion before the close of fact discovery is the result of excusable neglect because Bella+Canvas reneged on the parties' agreement to conduct the deposition of DeGeorge if mediation was unsuccessful. (Mot. 4.) In the Motion, FSL fails to address the standard for demonstrating good cause to amend a Scheduling Order under Rule 16. (*See id.*; *see also* Opp'n 9–11.)

Nevertheless, the Court considers whether FSL meets that standard, as well as the standard for excusable neglect.

### A. Whether Trial is Imminent

The first *Pomona* factor—whether trial is imminent—weighs in favor of reopening discovery where there is a significant amount of time between the motion to reopen discovery and the trial date. *Sateriale v. R.J. Reynolds Tobacco Co.*, No. 2:09-cv-08394-CAS (SSx), 2015 WL 4162485, at *3 (C.D. Cal. July 8, 2015) (finding trial nearly five months away was not imminent and weighed in favor of reopening discovery). Here, the Court continued trial to July 18, 2023, which is more than seven months from the date FSL filed the Motion. (*See* Order Continuing Trial, ECF No. 83; *see also* Mot.) Accordingly, trial is not imminent, and this factor weighs in favor of reopening discovery.

### B. Whether the Request is Opposed

The second factor considers whether the movant's request is opposed. *Pomona*, 866 F.3d at 1066. Because Bella+Canvas opposes FSL's motion, (*see generally* Opp'n), this factor weighs against reopening discovery.

### C. Prejudice to the Non-Moving Party

Regarding prejudice, Bella+Canvas argues that "[r]equiring . . . DeGeorge's deposition well after the close of fact discovery would interfere with both parties' pre-trial preparations and require [Bella+Canvas] to defend a deposition rather than prepare its case for the jury." (Opp'n 8.) In addition, Bella+Canvas argues that an additional fact deposition would be prejudicial because the parties already completed expert disclosures and depositions. (*Id.*)

Reopening discovery may prejudice the non-moving party "when it requires additional costs and major alterations in trial tactics and strategy." *Morris v. Sutton,* No. 1:17-cv-01488-AWI (SABx), 2019 WL 2994291, at *5 (E.D. Cal. July 9, 2019) (citing *Kozlov v. Associated Wholesale Grocers, Inc.*, 818 F.3d 380, 395 (8th Cir. 2016)). Here, however, Bella+Canvas has not articulated in any detail how this

deposition might alter its trial tactics, strategy, or expert disclosures. *See generally* Opp'n. Moreover, the Court finds that the risk of prejudice to Bella+Canvas is minimized by the fact that trial is not imminent and that FSL does not propose further continuing the trial date. In light of these considerations, the Court finds that this factor is neutral.

### D.     Diligence/Excusable Neglect

The good cause standard for reopening discovery "primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609 (internal quotation marks omitted). In addition to showing diligence, a party seeking to reopen discovery after time has expired must show that their failure to timely seek relief was due to excusable neglect. *See* Fed. R. Civ. P. 6(b)(1)(B). To determine whether neglect is excusable under Rule 6(b), courts consider: "(1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith." *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004) (en banc) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 395 (1993)). However, "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *Pioneer*, 507 U.S. at 392.

FSL argues that it diligently sought the deposition of DeGeorge since noticing it in February 2022. (Reply 2–5.) FSL further argues that any delay in bringing the Motion is due to excusable neglect because FSL detrimentally relied on Bella+Canvas's promise to produce DeGeorge for a deposition if mediation was unsuccessful. (*Id.* at 5–6.)

Here, the Court's Scheduling Order clearly provides that "[a]ll depositions shall be scheduled . . . to permit their completion and to permit the deposing party enough time to bring any discovery motions concerning the deposition prior to the cut-off date." (Scheduling Order 3.) In addition, regardless of any agreement between the

parties to conduct a deposition after the fact discovery deadline, the Court cannot enforce such an agreement absent a stipulation which it has approved. Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."); Fed. R. Civ. P. 29(b) ("[A] stipulation extending the time for any form of discovery must have court approval if it would interfere with the time set for completing discovery."); *Wyles v. Sussman*, 445 F. Supp. 3d 751, 756 (C.D. Cal. 2020) ("Without a Rule 29 stipulated order in place, Plaintiff cannot have expected to enforce [Defendant's] promise to appear for deposition after the cutoff set by the District Court."). Thus, the Court finds that the appropriate time for FSL to seek leave to depose DeGeorge after the close of fact discovery was when the Court denied the parties' request to extend discovery beyond mediation on September 13, 2022. (*See* Order Den. Second Stip. Amend Scheduling Order.) At that point, approximately one week remained before the close of fact discovery. Yet FSL did not bring this Motion for months. It was not until November 28, 2022, that FSL first sought relief from Magistrate Judge Audero to file the motion to compel DeGeorge's deposition. (First Mot. Leave File Mot. Compel.)

FSL's explanation for this delay—that the parties agreed to conduct DeGeorge's deposition after mediation and the close of fact discovery—does not address why FSL failed to seek Court approval to take a deposition after the close of discovery, as is required by the Court's procedures and the Federal Rules of Civil Procedure. Because FSL does not address its failure to seek Court approval, it has not demonstrated diligence or excusable neglect.

Moreover, when FSL raised this issue in late November 2022 before Judge Audero and then December 2022 before this Court, trial was scheduled for January 17, 2023. (*See* Mot.; Order Granting First Stip. Amend Scheduling Order.) That FSL waited until less than two months before trial to seek relief weighs against finding that FSL was diligent.

Accordingly, the Court finds that FSL lacked diligence in bringing the Motion and fails to demonstrate excusable neglect for its lack of diligence. This weighs against reopening discovery.

### E. Foreseeability of the Need for Additional Discovery

The fifth factor considers whether the need for additional discovery was foreseeable. *Pomona*, 866 F.3d at 1066. Here, FSL served a Notice of Deposition of Marco DeGeorge on February 22, 2022. (Mot. 2.) Accordingly, FSL foresaw the need for this deposition well before the close of fact discovery, and this factor weighs against reopening discovery.

### F. Likelihood the Discovery Will Lead to Relevant Evidence

The sixth factor addresses whether additional discovery is likely to lead to relevant evidence. *Pomona*, 866 F.3d at 1066. FSL states that DeGeorge, Bella+Canvas's Co-CEO, "has unique personal knowledge of matters relevant to the lawsuit." (Mot. 3; Opp'n 1.) Accepting this as true, the Court finds that the discovery FSL seeks is likely to lead to relevant evidence. This factor weighs in favor of reopening discovery.

Overall, three of the six *Pomona* factors—including the most important factor of FSL's diligence—weigh against reopening discovery. Accordingly, FSL fails to establish good cause to reopen discovery.[3] In addition, FSL fails to demonstrate excusable neglect.

---

[3] Bella+Canvas emphasizes that the parties' agreement to conduct DeGeorge's deposition if mediation failed was contingent upon the Court granting the parties' request for an extension of the fact discovery deadline. (*See* Opp'n 1.) It is not clear whether that contingency was indeed part of the parties' agreement. Regardless, the thrust of the parties' agreement was that Bella+Canvas would produce DeGeorge for a deposition if mediation failed. (*Id.*) Although the Court concludes that FSL fails to satisfy its burden to reopen discovery, largely due to the lengthy delay in bringing this Motion, the Court does not condone Bella+Canvas's refusal to honor its promise to offer DeGeorge for a deposition if mediation failed.

## V. CONCLUSION

For the reasons discussed above, the Court **DENIES** FSL's Motion for Leave. (ECF No. 75.)

**IT IS SO ORDERED.**

February 14, 2023

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**